SILAS H. WHITCOMB AND FRANCIS N. WHITCOMB,· EXECUTORS, ETC., APPELLANTS, *v.* JAMES HOFFMAN, RESPONDENT.

*Action of replevin — return of property to defendant directed — damages for taking of property — not allowed unless claimed in answer — Code, § 261.*

Where in an action to recover the possession of personal property, in which the property has been taken from the defendant and delivered to the plaintiff, judgment is finally entered in favor of the defendant, and a return of the property to him directed, no damages for the taking and withholding of the property so seized can be recovered by him in such action, unless a claim therefor has been set up in his answer.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*Hamilton Ward,* for the appellants.

*Angel & Jones,* for the respondent.

TALCOTT, P. J.:

This is an appeal from a judgment for the defendant, entered on the report of a referee.

The action is to recover the possession of certain cows, which were, in the complaint, alleged to have belonged to the testator, Josiah Whitcomb, at his death, and which, being in the possession of the defendant, were alleged to have been demanded of him by

the plaintiffs, and the defendant refused to deliver them. The property was taken by the sheriff of Allegany county, pursuant to the provisions of the Code of Procedure. The defendant answered, denying the title of the said Josiah Whitcomb and the wrongful taking, and denying that the plaintiffs have any interest in the property or any right to the possession thereof.

The referee found, in substance, that the property was in the defendant, and that his possession thereof was not wrongful, and further found "that the value of the use of said cows so detained from the defendant, from the time of their seizure by the sheriff, on the 17th day of April, 1875, to the date of this report, is the sum of fourteen dollars for each of the five living cows, amounting to seventy dollars, being the amount of damages sustained by the defendant for their detention by the plaintiffs."

He also found, as a conclusion of law, that the defendant was entitled to recover judgment against the plaintiffs for the return of the possession of the said five living cows and the sum of seventy dollars, for the damages for their detention, and ordered judgment accordingly.

The answer of the defendant did not contain any claim for damages for the detention or withholding of the property, and the plaintiffs excepted to the finding that the defendant had sustained such damages, and to the conclusion of law authorizing a judgment therefor.

Section 261 of the Code of Procedure provides as follows on this subject: "In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is entitled to a return thereof; and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property."

The right, on the part of the defendant, to recover damages for the taking and withholding property seized, in case he recover, seems to be confined to those cases in which a claim for such damages is set up in his answer. The answer in this case did not

claim any such damages, and we think that the ordering of a judgment therefor was erroneous. This error might probably be corrected by ordering the judgment corrected as to the damages, if the defendant should choose to stipulate to that effect; but as the case contains several exceptions to the admission of evidence, which evidence objected to might have had more or less influence on the result, we think a new trial should be ordered.

Present—TALCOTT, P.J., SMITH and HARDIN, JJ.

Judgment reversed, and a new trial ordered before another referee, costs to abide the event.